B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Gems TV (USA) Limited | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>GemsTV | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>02-0779452 | Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1190 Trademark Dr., Suite 107<br>Reno, NV<br>ZIP CODE 89521 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Washoe County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7         ☐ Chapter 15 Petition for<br>☐ Chapter 9            Recognition of a Foreign<br>☑ Chapter 11          Main Proceeding<br>☐ Chapter 12       ☐ Chapter 15 Petition for<br>☐ Chapter 13          Recognition of a Foreign<br>                            Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."     ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors
| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☑ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☑ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☑ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): Gems TV (USA) Limited | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: N/A | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: N/A | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition <br> *(This page must be completed and filed in every case.)* | Name of Debtor(s): <br> Gems TV (USA) Limited |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. <br><br> [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. <br><br> [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). <br><br> I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X _____ <br> Signature of Debtor <br><br> X _____ <br> Signature of Joint Debtor <br><br> Telephone Number (if not represented by attorney) <br><br> Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. <br><br> (Check only one box.) <br><br> ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. <br><br> ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. <br><br> X _____ <br> (Signature of Foreign Representative) <br><br> _____ <br> (Printed Name of Foreign Representative) <br><br> _____ <br> Date |
| **Signature of Attorney*** <br><br> X */s/ [signature]* <br> Signature of Attorney for Debtor(s) <br> Robert S. Brady (No. 2847) <br> Printed Name of Attorney for Debtor(s) <br> Young Conaway Stargatt & Taylor, LLP <br> Firm Name <br> The Brandywine Building, 1000 West Street <br> Address <br> 17th Floor, Wilmington, DE 19801 <br><br> Telephone Number <br> (302) 571-6600 <br> Date 4/ 5 /2010 <br><br> *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer** <br><br> I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. <br><br> _____ <br> Printed Name and title, if any, of Bankruptcy Petition Preparer <br><br> _____ <br> Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) <br><br> _____ <br> Address <br><br> X _____ <br><br> _____ <br> Date <br><br> Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. <br><br> Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. <br><br> If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. <br><br> *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)** <br><br> I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. <br><br> The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X */s/ [signature]* <br> Signature of Authorized Individual <br> Diane Schneiderjohn <br> Printed Name of Authorized Individual <br> President and Secretary <br> Title of Authorized Individual <br> 4 / 5 /2010 <br> Date | |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GEMS TV (USA) LIMITED[1] | Case No. 10-_____ ( ) |
| Debtor. | |

## LIST OF CREDITORS HOLDING LARGEST 20 UNSECURED CLAIMS

      Gems TV (USA) Limited, the debtor and debtor-in-possession herein (the "Debtor"), filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). This list of creditors holding the twenty (20) largest unsecured claims (the "Top 20 List") has been prepared from the Debtor's books and records as of March 29, 2010.

      The Top 20 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtor's chapter 11 case. The Top 20 List does not include: (1) persons who come within the definition of an "insider" set forth in section 101(31) of the Bankruptcy Code; or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the twenty (20) largest unsecured claims.

      The information presented in the Top 20 List shall not constitute an admission by, nor is it binding on, the Debtor. The information presented herein, including, without limitation (a) the failure of the Debtor to list any claim as contingent, unliquidated, disputed or subject to a setoff or (b) the listing of any claim as unsecured does not constitute an admission by the Debtor that any secured creditors listed hold any deficiency claims, nor does it constitute a waiver of the Debtor's rights to contest the validity, priority, nature, characterization and/or amount of any claim.

---

[1] The last four digits of the Debtor's federal tax identification number are 9452. The address for the Debtor is 1190 Trademark Dr., Suite 107, Reno, NV 89521.

|   | (1) | (2) | (3) | (4) | (5) |
|---|-----|-----|-----|-----|-----|
|   | *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| 1. | B.H. Multi Com Corp.<br>15 West 46th Street<br>New York, New York 10036<br>Tel: (212) 944-0020<br>Fax: (212) 921-7796 | BennyHematian<br>B.H. Multi Com Corp.<br>15 West 46th Street<br>New York, New York 10036 | Trade Creditor - Inventory |   | $2,820,223.84 |
| 2. | DirecTV<br>2230 East Imperial Hwy<br>El Segundo, California 90245<br>Tel: (310) 964-4706<br>Fax: (310) 964-4991 | Maxcine Wilson-Cooper<br>DirecTV<br>2230 East Imperial Hwy<br>El Segundo, California 90245 | Broadcast Fees |   | $2,672,236.53 |
| 3. | Creative Gems & Jewelry Public Co. Ltd.<br>20/11 Sol Anamai-Ngamcharoen 31<br>Rama II Rd, Ta-Kham<br>Bangkhuntien<br>Bangkok 10150 Thailand<br>Tel: (66) 2417-9348<br>Fax: (66) 2867-2958 | Natcha Sinpornkornkul<br>Creative Gems & Jewelry Public Co. Ltd.<br>20/11 Sol Anamai-Ngamcharoen 31<br>Rama II Rd, Ta-Kham<br>Bangkhuntien<br>Bangkok 10150 Thailand | Trade Creditor - Inventory |   | $2,029,990.54 |
| 4. | Emerald House Co. (HK)<br>M20 2nd Floor Kaiser Estate Phase 3<br>11 Hok Yuen Street, Hung Hom<br>Kowloon<br>Hong Kong<br>Tel: (852) 2367-3581<br>Fax: (852) 2367-3582 | Rupesh Tambi<br>Emerald House<br>2nd West 46th St<br>#1201<br>New York, NY 10036<br>Tel: (212) 921-2222<br>Fax: (212) 921-2768 | Trade Creditor - Inventory |   | $1,414,155.37 |
| 5. | M/S Charisma Jewelry PVT. LTD.<br>Unit No. 004, Multistoried Building<br>Seepz, SEZ<br>Andheri (East)<br>Mumbai<br>India 400 096<br>Tel: (91) 22-2829-0919<br>Fax: (91) 22-2829-0920 | Amit Mehta<br>M/S Charisma Jewellry PVT. LTD.<br>Unit No. 004, Multistoried Building<br>Seepz, SEZ<br>Andheri (East)<br>Mumbai<br>India 400 096 | Trade Creditor - Inventory |   | $1,388,237.55 |

|   | (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|---|
|   | *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| 6. | Prism (USA) Inc.<br>570 5th Avenue<br>Suite #601<br>New York, New York 10036<br>Tel: (212) 596-4163<br>Fax: (212) 596-4219 | Alpesh Jivani<br>Prism (USA) Inc.<br>570 5th Avenue<br>Suite #601<br>New York, New York 10036 | Trade Creditor - Inventory |   | $1,258,932.87 |
| 7. | Tiger Jewellery Manufacturing Co., LTD<br>285/2 Ladya Road<br>Somdetjaopraya, Khlongsan<br>Bangkok<br>Thailand 10600<br>Tel: (66) 2890-0112<br>Fax: (66) 2890-0113 | Tou Kiattichuanchai<br>Tiger Jewellery Manufacturing Co., LTD<br>285/2 Ladya Road<br>Somdetjaopraya, Khlongsan<br>Bangkok<br>Thailand 10600 | Trade Creditor - Inventory |   | $939,342.84 |
| 8. | Galassia Company, Ltd.<br>131-133-133/1-3 SOI Pramote<br>Suriyawonge<br>Bangkok<br>Thailand 10500<br>Tel: (66) 2635-8181<br>Fax: (66) 2635-8188 | Sasin Kritsanarungruang<br>Galassia Company, Ltd.<br>131-133-133/1-3 SOI Pramote<br>Suriyawonge<br>Bangkok<br>Thailand 10500 | Trade Creditor - Inventory |   | $652,208.50 |
| 9. | Jewelry Creations Ltd.<br>Room 615, 6/FL., Hollywood Plaza<br>610 Nathan Road, Mongkok<br>Kowloon<br>Hong Kong<br>Tel: (852) 2301-3077<br>Fax: (852) 2301-2226 | Mr. Devan Haldiya<br>Jewelry Creations Ltd.<br>Room 615, 6/FL., Hollywood Plaza<br>610 Nathan Road, Mongkok<br>Kowloon | Trade Creditor - Inventory |   | $456,703.53 |
| 10. | Thai Jewelry Manufacturer Co. LTD<br>620/74-75 Sathupradit 44<br>Yannawa<br>Bangkok<br>Thailand 10120<br>Tel: (66) 2294-0020<br>Fax: (66) 2295-3997 | Mr. Banyong Sitthichailapha<br>Thai Jewelry Manufacturer Co. LTD<br>620/74-75 Sathupradit 44<br>Yannawa<br>Bangkok<br>Thailand 10120 | Trade Creditor - Inventory |   | $439,250.46 |

|  | (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|---|
|  | *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| 11. | Gemini Creation Co. Ltd.<br>2210/10 Chan Road<br>Chongnonsee Yannawa<br>Bangkok<br>Thailand 10120<br>Tel: (66) 2678-2644<br>Fax: (66) 2678-2646 | Nidhi Rawat<br>Gemini Creation Co. Ltd.<br>2210/10 Chan Road<br>Chongnonsee Yannawa<br>Bangkok<br>Thailand 10120 | Trade Creditor - Inventory |  | $403,053.53 |
| 12. | UPS<br>UPS Professional Services, Inc.<br>55 Glenlake Parkway, NE<br>Atlanta, GA 30328<br>Tel: (404) 828-6000<br>Fax: (404) 828-6912 | Laurie Garrison<br>UPS<br>355 Vista Blvd.<br>Sparks, NV<br>Tel: 775-843-1822 | Trade Creditor - Shipping |  | $393,584.70 |
| 13. | Legend Silver Jewellery & Watch MFY LTD.<br>Unit 804, 8/F Heng Ngai Jewellery Centre<br>4 Hok Yuen St. E. Hung Hom<br>Kowloon<br>Hong Kong<br>Tel: (852) 2764-3377<br>Fax: (852) 2363-8737 | Yvonne Lai<br>Legend Silver Jewellery & Watch MFY LTD.<br>Unit 804, 8/F Heng Ngai Jewellery Centre<br>4 Hok Yuen St. E. Hung Hom<br>Kowloon<br>Hong Kong | Trade Creditor - Inventory |  | $365,577.80 |
| 14. | Nanajan Co. Ltd.<br>177/1 Unit 4, 12th Fl.<br>Bangkok Union Insurance Bldg.<br>Suriyawongse Rd. Bangrak<br>Bangkok<br>Thailand 10500<br>Tel: (66) 2634-7064<br>Fax: (66) 2634-7068 | Mrs. Thammatina Thammaradi<br>Nanajan Co. Ltd.<br>177/1 Unit 4, 12th Fl.<br>Bangkok Union Insurance Bldg.<br>Suriyawongse Rd. Bangrak<br>Bangkok<br>Thailand 10500 | Trade Creditor - Inventory |  | $352,224.71 |
| 15. | M/S Royal Classic Jewels PVT. LTD.<br>4794 K.G.B. KA Rasta<br>Johari Bazar<br>Jaipur<br>India 302 003<br>Tel: (91) 141-257-5439<br>Fax: (91) 141-257-4343 | Vineet Lodha<br>M/S Royal Classic Jewels PVT. LTD.<br>4794 K.G.B. KA Rasta<br>Johari Bazar<br>Jaipur<br>India 302 003 | Trade Creditor - Inventory |  | $332,881.21 |

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| 16. | ColorJewels<br>501, 5/F Harbour Center Tower 2<br>8 Hok Cheung Street, Hung Hom<br>Kowloon<br>Hong Kong<br>Tel: (852) 2724-1273<br>Fax: (852) 2367-5543 | Ashish Dangayach<br>ColorJewels<br>501, 5/F Harbour Center Tower 2<br>8 Hok Cheung Street, Hung Hom<br>Kowloon<br>Hong Kong | Trade Creditor - Inventory | | $267,524.59 |
| 17. | Miranda Group Company LTD.<br>Unit H1, 1/F, Kaiser Est., 2nd Phase<br>47-53 Man Yue Street<br>20-28 Man Lok Street, Hung Hom<br>Kowloon<br>Hong Kong<br>Tel: (852) 2365-7708<br>Fax: (852) 2365-0760 | Miranda Group Company LTD.<br>Unit H1, 1/F, Kaiser Est., 2nd Phase<br>47-53 Man Yue Street<br>20-28 Man Lok Street, Hung Hom<br>Kowloon<br>Hong Kong | Trade Creditor - Inventory | | $262,501.50 |
| 18. | Keen Jade LTD<br>No.1 Hok Yuen Street<br>East Fu Hang Ind. Bldg. 12/F<br>Room No. 1202, Hung Hom<br>Kowloon<br>Hong Kong<br>Tel: (852) 2363-9677<br>Fax: (852) 2764-5923 | Mrs. Sunita Nahata<br>Keen Jade LTD<br>No.1 Hok Yuen Street<br>East Fu Hang Ind. Bldg. 12/F<br>Room No. 1202, Hung Hom<br>Kowloon<br>Hong Kong | Trade Creditor - Inventory | | $239,632.02 |
| 19. | Dragon Bay Jewellery Co.<br>N1, 8/F Kaiser Estate 3rd Phase<br>9-11 Hok Yuen Street<br>Hung Hom<br>Kowloon<br>Hong Kong<br>Tel: (852) 2366-2322<br>Fax: (852) 2366-2327 | Miss. Catherine Huang<br>Dragon Bay Jewellery Co.<br>N1, 8/F Kaiser Estate 3rd Phase<br>9-11 Hok Yuen Street<br>Hung Hom<br>Kowloon<br>Hong Kong | Trade Creditor - Inventory | | $229,179.00 |

|     | (1) | (2) | (3) | (4) | (5) |
| --- | --- | --- | --- | --- | --- |
|     | *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| 20. | Jintai Chituan (Thailand) Co., Ltd.<br>2947/17 Ramkhamhaeng Rd.<br>Huamark, Bangna<br>Bangkok, Thailand 10240<br>Tel: (66) 2374-9766<br>Fax: (66) 2374-7511 | Jason Lien<br>Jintai Chituan (Thailand) Co., Ltd.<br>2947/17 Ramkhamhaeng Rd.<br>Huamark, Bangna<br>Bangkok, Thailand 10240 | Trade Creditor - Shipping | | $227,095.57 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| GEMS TV (USA) LIMITED[1] | Case No. 10-_____ ( ) |
| Debtor. | |

## DECLARATION CONCERNING DEBTOR'S
## LIST OF CREDITORS HOLDING LARGEST 20 UNSECURED CLAIMS

    I, Diane Schneiderjohn, President and Secretary of Gems TV (USA) Limited, a Delaware corporation, and the debtor and debtor-in-possession herein (the "Debtor"), declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing List of Creditors Holding 20 Largest Unsecured Claims submitted herewith and that the information contained therein is true and correct to the best of my knowledge, information and belief.

Date: April 5, 2010

                    _____
                    Diane Schneiderjohn
                    President and Secretary
                    Gems TV (USA) Limited.

---

[1] The last four digits of the Debtor's federal tax identification number are 9452. The address for the Debtor is 1190 Trademark Dr., Suite 107, Reno, NV 89521.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GEMS TV (USA) LIMITED[1] | Case No. 10-_____ ( ) |
| Debtor. | |

**DEBTOR'S OWNERSHIP STATEMENT PURSUANT TO RULES 1007(a) AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Pursuant to Rules 1007(a) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Gems TV (USA) Limited, the debtor and debtor-in-possession herein (the "Debtor"), states that the following party owns 100% of the outstanding interests of the Debtor:

    NCS Group Co. Ltd.
    23/999 Moo 7, Yanaviroch Road
    Chanthaburi 22000 Thailand

---

[1] The last four digits of the Debtor's federal tax identification number are 9452. The address for the Debtor is 1190 Trademark Dr., Suite 107, Reno, NV 89521.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| GEMS TV (USA) LIMITED[1] | Case No. 10-_____ ( ) |
| Debtor. | |

### DECLARATION CONCERNING DEBTOR'S OWNERSHIP STATEMENT PURSUANT TO RULES 1007(a) AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

I, Diane Schneiderjohn, President and Secretary of Gems TV (USA) Limited, a Delaware corporation, and the debtor and debtor-in-possession herein (the "Debtor"), declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing Debtor's Ownership Statement Pursuant to Rules 1007(a) and 7007.1 of the Federal Rules of Bankruptcy Procedure and that the information contained therein is true and correct to the best of my knowledge, information and belief.

Date: April 5, 2010

_____
Diane Schneiderjohn
President and Secretary
Gems TV (USA) Limited

---

[1] The last four digits of the Debtor's federal tax identification number are 9452. The address for the Debtor is 1190 Trademark Dr., Suite 107, Reno, NV 89521.

# RESOLUTIONS OF DIRECTORS OF
## GEMS TV (USA) LIMITED

      **WHEREAS**, the board of directors (the "Board") of Gems TV (USA) Limited (the "Company"), a Delaware corporation, has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's products, the retail jewelry industry and credit market conditions; and

      **WHEREAS**, the Board has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of Title 11 of the United States Code (the "Bankruptcy Code");

      **NOW, THEREFORE, BE IT RESOLVED THAT**, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders and other interested parties, that a voluntary petition (the "Petition") be filed by the Company under the provisions of chapter 11 of the Bankruptcy Code; and it is further

      **RESOLVED**, that the Company shall be, and it hereby is, directed and authorized to execute and file on behalf of the Company all petitions, schedules, lists and other papers or documents, and to take any and all action which they deem reasonable, advisable, expedient, convenient, necessary or proper to obtain such relief; and it is further

      **RESOLVED**, that any officer of the Company designated by the Board (collectively, the "Designated Persons"), be and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company (i) to execute and verify the Petition as well as all other ancillary documents and to cause the Petition to be filed with the United States Bankruptcy Court for the District of Delaware and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents, and (ii) to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and it is further

      **RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized and empowered to represent the Company as its general bankruptcy counsel and to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the bankruptcy case; and in connection therewith, the Designated Persons be and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

**RESOLVED**, that Focus Management Group ("FMG") be, and hereby is, authorized and empowered to serve as financial advisors for the company in connection with the bankruptcy case commenced by the Company under the Bankruptcy Code; and in connection therewith, the Designated Persons be and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of FMG; and it is further

**RESOLVED**, that the Designated Persons be, and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Designated Persons be and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

**RESOLVED**, that the Designated Persons be, and each of them acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Company, to (i) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officer may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (ii) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company; and it is further

**RESOLVED**, that the Designated Persons be, and each of them acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Designated Person, shall be necessary, proper and desirable to prosecute to a successful completion the Company's chapter 11 case, to effectuate the restructuring of the Company's debt, other obligations, organizational form and structure and ownership of the Company, to effectuate a sale of some or substantially all of the Company's assets, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions

except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified; and it is further

        **RESOLVED**, that in order to fully carry out the intent and effectuate the purposes of the foregoing resolutions, the Designated Persons be, and each hereby is, authorized to take all such further action, and to execute and deliver all such further instruments and documents, in the name and on behalf of the Company, and under its corporate seal or otherwise, and to pay all such fees and expenses, which shall in such Designated Person's judgment be necessary, proper, or advisable, and to enter into, and carry out each of the actions contemplated by the foregoing resolutions.

# SECRETARY'S CERTIFICATE OF RESOLUTIONS OF THE BOARD OF DIRECTORS OF GEMS TV (USA) LIMITED

I, Diane Schneiderjohn, the undersigned Secretary of Gems TV (USA) Limited, do hereby certify that on March 29, 2010, the following resolutions were: (i) adopted by the Board of Directors at a duly held meeting of the company's directors, and (ii) recorded in the minute book of the Corporation, and they have not been modified or rescinded, and are still in full force and effect:

**WHEREAS**, the board of directors (the "Board") of Gems TV (USA) Limited (the "Company"), a Delaware corporation, has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's products, the retail jewelry industry and credit market conditions; and

**WHEREAS**, the Board has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of Title 11 of the United States Code (the "Bankruptcy Code");

**NOW, THEREFORE, BE IT RESOLVED THAT**, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders and other interested parties, that a voluntary petition (the "Petition") be filed by the Company under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the Company shall be, and it hereby is, directed and authorized to execute and file on behalf of the Company all petitions, schedules, lists and other papers or documents, and to take any and all action which they deem reasonable, advisable, expedient, convenient, necessary or proper to obtain such relief; and it is further

**RESOLVED**, that any officer of the Company designated by the Board (collectively, the "Designated Persons"), be and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company (i) to execute and verify the Petition as well as all other ancillary documents and to cause the Petition to be filed with the United States Bankruptcy Court for the District of Delaware and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents, and (ii) to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and it is further

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized and empowered to represent the Company as its general bankruptcy counsel and to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights,

including the preparation of pleadings and filings in the bankruptcy case; and in connection therewith, the Designated Persons be and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

**RESOLVED**, that Focus Management Group ("**FMG**") be, and hereby is, authorized and empowered to serve as financial advisors for the company in connection with the bankruptcy case commenced by the Company under the Bankruptcy Code; and in connection therewith, the Designated Persons be and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of FMG; and it is further

**RESOLVED**, that the Designated Persons be, and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Designated Persons be and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

**RESOLVED**, that the Designated Persons be, and each of them acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Company, to (i) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officer may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (ii) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company; and it is further

**RESOLVED**, that the Designated Persons be, and each of them acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Designated Person, shall be necessary, proper and desirable to prosecute to a successful completion the Company's chapter 11 case, to effectuate the restructuring of the Company's debt, other obligations, organizational form and structure and ownership of the Company, to effectuate a

sale of some or substantially all of the Company's assets, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

        **RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified; and it is further

        **RESOLVED**, that in order to fully carry out the intent and effectuate the purposes of the foregoing resolutions, the Designated Persons be, and each hereby is, authorized to take all such further action, and to execute and deliver all such further instruments and documents, in the name and on behalf of the Company, and under its corporate seal or otherwise, and to pay all such fees and expenses, which shall in such Designated Person's judgment be necessary, proper, or advisable, and to enter into, and carry out each of the actions contemplated by the foregoing resolutions.

* * *

I further certify that Anthony Hillyer, one of the Company's directors, abstained from voting upon the resolutions during the meeting, and that the resolutions were approved by Diane Schneiderjohn, the Company's other director.

_____
Diane Schneiderjohn
Secretary

Date: April 5, 2010