# **EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GEMS TV (USA) LIMITED[1] | Case No. 10-11158 (PJW) |
| Debtor. | |

**ORDER (I) APPROVING AMENDED BID PROCEDURES RELATING TO SALE OF THE DEBTOR'S NON-INVENTORY ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) APPROVING THE FORM AND MANNER OF NOTICE OF SALE BY AUCTION; (IV) ESTABLISHING PROCEDURES FOR NOTICING AND DETERMINING CURE AMOUNTS; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtor for entry of an Order approving certain Bid Procedures with respect to the sale of the Debtor's non-inventory assets; and the *Order (i) Approving Bid Procedures Relating to Sale of the Debtor's Non-Inventory Assets; (ii) Scheduling a Hearing to Consider the Sale; (iii) Approving the Form and Manner of Notice of Sale By Auction; (iv) Establishing Procedures for Noticing and Determining Cure Amounts; and (v) Granting Related Relief* [Docket No. 110] entered by this Court on May 5, 2010 (the "Original Bid Procedures Order"); and the record of the hearing held on June 18, 2010; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, with no objections or requests for hearing having been filed, or all objections having been overruled or otherwise resolved as provided for herein, as the case may

---

[1] The last four digits of the Debtor's federal tax identification number are 9452. The address for the Debtor is 1190 Trademark Dr., Suite 107, Reno, NV 89521.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion or the Amended Bid Procedures, as applicable.

be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

## FOUND AND DETERMINED THAT:

A.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 363, and 365[3] and Bankruptcy Rules 2002, 6004 and 6006. Venue for this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  The Debtor's proposed notices of (i) the proposed Sale of the Acquired Assets, (ii) the proposed assumption and assignment of the Purchased Contracts, (iii) the proposed procedures for noticing and determining Cure Amounts for the Purchased Contracts, and (iv) the Amended Bid Procedures, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each, and no further notice of, or hearing on, each is necessary or required.

C.  The Amended Bid Procedures and the Cure Procedures are fair, reasonable, and appropriate and are designed to maximize the value of the Debtor's estate.

D.  The Debtor has (i) articulated good and sufficient reasons to this Court to grant the relief requested and (ii) demonstrated sound business justifications to support such relief.

E.  Entry of this Order approving the Amended Bid Procedures is in the best interests of the Debtor and its respective estate and creditors, and all other parties-in-interest.

---

[3] All section references herein shall be to title 11 of the United States Code, unless otherwise indicated.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:**

1. The (i) Amended Bid Procedures, in the form attached hereto as <u>Exhibit A</u>, and (ii) Cure Procedures set forth herein, are hereby APPROVED, and shall apply with respect to the proposed Sale of the Acquired Assets and assumption and assignment of the Purchased Contracts. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Amended Bid Procedures.

2. This Order amends and supersedes any prior Order entered with respect to the relief requested in the Motion, including the Original Bid Procedures Order.

### AMENDED AUCTION AND BID PROCEDURES

3. The Debtor is authorized (i) to conduct an auction (the "<u>Auction</u>") with respect to the Acquired Assets. The Auction, if any, shall be conducted at Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (the "<u>Auction Site</u>") at 12:00 NOON (prevailing Eastern time) on July 26, 2010 (the "<u>Auction Date</u>"), or at such other place and time or later date as determined by the Debtor. The Debtor shall notify all Qualified Bidders which have submitted Qualified Bids and expressed their intent to participate in the Auction as set forth in the Amended Bid Procedures. The Debtor is authorized, subject to the terms of this Order, to take all actions necessary, in the discretion of the Debtor and in consultation with the Committee, to conduct and implement such Auction.

4. The Debtor may, upon consultation with the Committee, (i) select, in its business judgment, pursuant to the Amended Bid Procedures the highest or otherwise best offer and the Successful Bidder, and (ii) reject any bid that, in the Debtor's business judgment, upon consultation with the Committee, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules or the Amended Bid Procedures, or

3

(c) contrary to the best interests of the Debtor and its estate, creditors, interest holders or parties-in-interest.

5. The failure to specifically include or reference any particular provision, section or article of the Amended Bid Procedures in this Order shall not diminish or impair the effectiveness of such procedures, it being the intent of this Court that the Amended Bid Procedures be authorized and approved in their entirety.

### ADDITIONAL NOTICE PROVISIONS

6. Within three (3) business days after the entry of this Order or as soon thereafter as practicable, the Debtor shall serve the Amended Bid Procedures and a copy of this Order by first-class mail, postage prepaid, upon: (i) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets; (ii) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Acquired Assets; (iii) counsel to the Committee; (iv) counsel to Gems TV Holdings Limited; (v) all federal, state, county and local and foreign regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion; (vi) the United States Attorney's office; (vii) the Internal Revenue Service; (viii) the Securities and Exchange Commission; (ix) all non-Debtor parties to the Purchased Contracts; (x) those parties included on the Debtor's list of top-twenty unsecured creditors; (xi) those entities whom the Committee believes may have an interest in a transaction with respect to the Acquired Assets; and (xii) those parties who have filed the appropriate notice requesting notice of all pleadings filed in this case.

YCST01:9614669.4　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　069355.1001

## CURE PROCEDURES

7.      On or before three business (3) days after the entry of this Order, the Debtor shall serve a notice (i) identifying any potential Purchased Contract to each non-Debtor party to a Purchased Contract and (ii) the deadline to object to the proposed assumption.

8.      Objections, if any, to the potential assignment of the applicable Purchased Contract must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (ET) on July 23, 2010, or such later date and time as the Debtor may agree (the "Assignment Objection Deadline") and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) the Debtor's counsel, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Robert S. Brady, Esq.) and (ii) the Committee's counsel, Klestadt & Winters, LLP, 292 Madison Avenue, 17th Floor, New York, NY 10017 (Attn: Ian R. Winters, Esq.), facsimile (212) 972-2245 and Fox Rothschild LLP, Citizens Bank Center, 919 North Market Street, Suite 1300, Wilmington, DE 19899 (Attn: Jeffrey M. Schlerf, Esq.), facsimile (302) 656-8920.

9.      If a Purchased Contract is included in a Successful Bid, all parties to such Purchased Contracts identified for assumption and assignment in the Successful Bid (or Back-up Bid) will have the opportunity to object to such assumption and assignment solely on the issue of whether such Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

10.     Unless the non-debtor party to a Purchased Contract files an objection on or before the Assignment Objection Deadline, such non-debtor party shall be deemed to have

YCST01:9614669.4                                                            069355.1001

consented to the assumption and assignment of such Purchased Contract and shall be forever barred and estopped from asserting or claiming against the Debtor, the Successful Bidder or Back-up Bidder at the Auction or any other assignee of the relevant Purchased Contract that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied under such Purchased Contract.

## ADDITIONAL PROVISIONS

11. The Debtor is authorized and empowered to take such actions as may be necessary to implement and effect the terms and requirements established under this Order.

12. A Sale Hearing to approve the sale of the Acquired Assets to any Successful Bidder and authorizing the assumption and assignment of the Purchased Contracts shall be held on July 27, 2010 at 9:30 a.m. (ET), unless otherwise continued upon request by the Debtor.

13. Objections, if any, to the Sale must be filed by July 23, 2010 at 4:00 p.m. (ET) and served on: (i) the Debtor's counsel, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Robert S. Brady, Esq.); (ii) the Committee's counsel, Klestadt & Winters, LLP, 292 Madison Avenue, 17th Floor, New York, NY 10017 (Attn: Ian R. Winters, Esq.), facsimile (212) 972-2245 and Fox Rothschild LLP, Citizens Bank Center, 919 North Market Street, Suite 1300, Wilmington, DE 19899 (Attn: Jeffrey M. Schlerf, Esq.), facsimile (302) 656-8920; and (iii) all other parties that have requested notice in this case.

14. This Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

15. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. This Court shall retain jurisdiction with respect to any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2010

_____
Peter J. Walsh
United States Bankruptcy Judge

YCST01:9614669.4    069355.1001