# **EXHIBIT 2**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GEMS TV (USA) LIMITED[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 10-11158 (PJW)<br><br>~~Ref. Docket No. 84~~ |

**ORDER (I) APPROVING <ins>AMENDED</ins> BID PROCEDURES RELATING TO SALE OF THE DEBTOR'S NON-INVENTORY ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) APPROVING THE FORM AND MANNER OF NOTICE OF SALE BY AUCTION; (IV) ESTABLISHING PROCEDURES FOR NOTICING AND DETERMINING CURE AMOUNTS; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "<u>Motion</u>")[2] of the Debtor for entry of an ~~order (the "Bid Procedures Order") (a) establishing bidding and auction procedures (the "~~<ins>Order approving certain</ins> Bid Procedures~~")~~ ~~in connection~~ with <ins>respect to</ins> the sale ~~of substantially all~~ of the Debtor's non-inventory assets ~~(the "Acquired Assets") free and clear of all claims (as defined in section 101(5) of the Bankruptcy Code) and any other interests, liens, mortgages, pledges, security interests, rights of first refusal, obligations and encumbrances of any kind whatsoever, as more fully described and except to the extent identified in the APA or any other Successful Bidder's asset purchase agreement, as applicable; (b) approving the stalking horse bid protections, including, without limitation, the break-up fee (the "Break-Up Fee") to Zalemark Holding Company, Inc. (the "Stalking Horse Bidder") and expense reimbursement (the "Expense Reimbursement," and together with the Break-Up Fee, the "Stalking Horse Protections") in accordance with that certain Asset Purchase Agreement dated April 28, 2010, and amended on May 5, 2010, (the "APA") for the purchase of the Acquired Assets; (c) scheduling an auction (the~~

---

[1] The last four digits of the Debtor's federal tax identification number are 9452. The address for the Debtor is 1190 Trademark Dr., Suite 107, Reno, NV 89521.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion <ins>or the</ins> <ins>Amended</ins> Bid Procedures~~, or in the APA~~, as applicable.
YCST01:~~9614669.3~~<ins>9614669.4</ins>                                                                                                                 069355.1001

~~"Auction") and sale hearing (the "Sale Hearing") for the Sale of the Acquired Assets; (d) establishing certain notice procedures (the "Cure Procedures") for determining cure amounts for executory contracts and leases to be assigned (the "Cure Amounts") and for the Sale; and (e) granting certain related relief;~~ and the *Order (i) Approving Bid Procedures Relating to Sale of the Debtor's Non-Inventory Assets; (ii) Scheduling a Hearing to Consider the Sale; (iii) Approving the Form and Manner of Notice of Sale By Auction; (iv) Establishing Procedures for Noticing and Determining Cure Amounts; and (v) Granting Related Relief* [Docket No. 110] entered by this Court on May 5, 2010 (the "Original Bid Procedures Order"); and the record of the hearing held on June 18, 2010; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, with no objections or requests for hearing having been filed, or all objections having been overruled or otherwise resolved as provided for herein, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

## FOUND AND DETERMINED THAT:

A.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 363, and 365[3] and Bankruptcy Rules 2002, 6004 and 6006. Venue for this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3] All section references herein shall be to title 11 of the United States Code, unless otherwise indicated.

B. ~~Notice of the Motion, the proposed entry of the Bid Procedures Order, the Bid Procedures, the Cure Procedures, the Auction, and Bid Procedures Hearing has been provided as set forth in the Motion. The Debtor's notice of the Motion, the proposed entry of the Bid Procedures Order, the Bid Procedures, the Cure Procedures, the Auction, and the Bid Procedures Hearing is appropriate and reasonably calculated to provide all interested parties with appropriate notice given the circumstances under Bankruptcy Rules 2002, 4001, 6004 and 6006, and no other or further notice of, or hearing on, the Motion or this Bid Procedures Order is required.~~

B. ~~C.~~ The Debtor's proposed notices of (i) the proposed Sale of the Acquired Assets, (ii) the <u>proposed</u> assumption and assignment of the Purchased Contracts, (iii) the ~~APA, (iv) the~~ proposed procedures for noticing and determining Cure Amounts for the Purchased Contracts, and (~~v~~<u>iv</u>) the <u>Amended</u> Bid Procedures~~, substantially in the form attached to the Motion~~, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each, and no further notice of, or hearing on, each is necessary or required.

C. ~~D.~~ The <u>Amended</u> Bid Procedures and the Cure Procedures are fair, reasonable, and appropriate and are designed to maximize the value of the Debtor's estate.

~~E. The Debtor has demonstrated a compelling and sound business justification for approving the payment of the Stalking Horse Protections under the circumstances and timing set forth in the Motion and APA.~~

~~F. The Debtor's granting of the Stalking Horse Protections to the Stalking Horse Bidder is (a) an actual and necessary cost and expense of preserving the Debtor's estate, within the meaning of section 503(b) of the Bankruptcy Code, (b) of substantial benefit to the Debtor's estate, and (c) fair, reasonable and appropriate, in light of, among other things, (i) the substantial~~

3

~~efforts that have been expended by the Stalking Horse Bidder, and (ii) the benefits the Stalking Horse Bidder has provided to the Debtor's estate and creditors and all parties-in-interest herein.~~

D. ~~G.~~ The Debtor has (i) articulated good and sufficient reasons to this Court to grant the relief requested ~~in the Motion and the APA~~ and (ii) demonstrated sound business justifications to support such relief.

E. ~~H.~~ Entry of this <u>Order approving the Amended</u> Bid Procedures ~~Order~~ is in the best interests of the Debtor and its respective estate and creditors, and all other parties-in-interest.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:**

1. The (i) <u>Amended</u> Bid Procedures, in the form attached hereto as <u>Exhibit A</u>, ~~including references to the APA,~~ and (ii) Cure Procedures <u>set forth herein,</u> are hereby APPROVED, and ~~fully incorporated into this Bid Procedures Order, and~~ shall apply with respect to the proposed Sale of the Acquired Assets and assumption and assignment of ~~contracts and unexpired leases contemplated by the Motion~~<u>the Purchased Contracts</u>. The Debtor is authorized to take any and all actions necessary or appropriate to implement the <u>Amended</u> Bid Procedures.

2. ~~All objections~~<u>This Order amends and supersedes any prior Order entered with respect</u> to the relief requested in the Motion ~~with respect to (i) the Bid Procedures and (ii) the Cure Procedures that have not been withdrawn, waived or settled as announced at the Bid Procedures Hearing on the Motion, or resolved by stipulation signed by the Debtor and filed with this Court, are overruled on their merits.~~<u>, including the Original Bid Procedures Order.</u>

## Amended Auction and Bid Procedures

3. The Debtor is authorized (i) to conduct an auction (the "Auction") with respect to the Acquired Assets. The Auction, if any, shall be conducted at Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (the "Auction Site") at 12:00 NOON (prevailing Eastern time) on ~~June 2,~~ July 26, 2010 (the "Auction Date"), or at such other place and time or later date as determined by the Debtor. The Debtor shall notify all Qualified Bidders which have submitted Qualified Bids and expressed their intent to participate in the Auction as set forth in the Amended Bid Procedures. The Debtor is authorized, subject to the terms of this ~~Bid Procedures~~ Order, to take all actions necessary, in the discretion of the Debtor and in consultation with the Committee, to conduct and implement such Auction.

4. The Debtor may, upon consultation with the Committee, (i) select, in its business judgment, pursuant to the Amended Bid Procedures the highest or otherwise best offer and the Successful Bidder, and (ii) reject any bid that, in the Debtor's business judgment, upon consultation with the Committee, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules or the Amended Bid Procedures, or (c) contrary to the best interests of the Debtor and its estate, creditors, interest holders or parties-in-interest.

5. The failure to specifically include or reference any particular provision, section or article of the Amended Bid Procedures in this ~~Bid Procedures~~ Order shall not diminish or impair the effectiveness of such procedures, it being the intent of this Court that the Amended Bid Procedures be authorized and approved in their entirety.

5

6. ~~The Stalking Horse Bidder is deemed a Qualified Bidder, and the Stalking Horse Bidder's bid for the Acquired Assets is deemed a Qualified Bid. In the event there are no other Qualifying Bids, the Debtor shall accept the Stalking Horse Bid.~~

### ~~THE STALKING HORSE PROTECTIONS~~

7. ~~Pursuant to sections 105, 363, 364, 503, 506 and 507 of the Bankruptcy Code, the Debtor is hereby authorized to pay the Break-Up Fee and the Expense Reimbursement pursuant to the terms and conditions set forth in the APA and the Bid Procedures.~~

8. ~~The Stalking Horse Protections are hereby approved and shall be paid to the Stalking Horse Bidder as set forth in the APA.~~

9. ~~The Stalking Horse Protections shall be the sole remedy of the Stalking Horse Bidder if the APA is terminated under circumstances where the Break-Up Fee and the Expense Reimbursement are payable.~~

### ADDITIONAL NOTICE PROVISIONS

6. ~~10.~~ Within ~~one~~three (~~1~~3) business ~~day~~days after the entry of this ~~Bid Procedures~~ Order or as soon thereafter as practicable, the Debtor shall serve the ~~Motion, the APA,~~ ~~the~~Amended Bid Procedures and a copy of this ~~Bid Procedures~~ Order by first-class mail, postage prepaid, upon: (i) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets; (ii) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Acquired Assets; (iii) counsel to the Committee; (iv) counsel to Gems TV Holdings Limited; (v) all federal, state, county and local and foreign regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion; (vi) the United States Attorney's office; (vii) the Internal Revenue Service; (viii) the Securities and Exchange Commission; (ix) all non-Debtor parties to the

6

069355.1001

Purchased Contracts; (x) those parties included on the Debtor's list of top-twenty unsecured creditors; (xi) those entities whom the Committee believes may have an interest in a transaction with respect to the Acquired Assets; and (xii) those parties who have filed the appropriate notice requesting notice of all pleadings filed in this case.

## CURE PROCEDURES

~~11. The Cure Procedures are approved.~~

7. ~~12. Within one (1) business day after entry of this Bid Procedures Order or as soon thereafter as practicable, the Debtor will serve the Cure Notice on all non-debtor parties to any Purchased Contract. The Debtor reserves all of its rights, claims and causes of action with respect to the Purchased Contracts.~~ On or before three business (3) days after the entry of this Order, the Debtor shall serve a notice (i) identifying any potential Purchased Contract to each non-Debtor party to a Purchased Contract and (ii) the deadline to object to the proposed assumption.

~~13. The Cure Notice shall state the cure amounts, if any, that the Debtor believes is necessary to assume such Purchased Contract pursuant to section 365 of the Bankruptcy Code (the "Cure Amount") and notify the non-Debtor party that such party's contract or lease may be assumed and assigned to a purchaser of the Acquired Assets to be identified at the conclusion of the Auction. The Cure Notice shall set a deadline by which the non-Debtor party shall file an objection to the Cure Amount. The Cure Notice shall also provide that objections to any Cure Amount will be heard at the Sale Hearing or at a later hearing, as determined by the Debtor.~~

8. ~~14. All objections by non-Debtor parties to the Cure Amount must be filed by May 28, 2010 at 12:00 NOON (ET) (the "Cure~~ Objections, if any, to the potential assignment of the applicable Purchased Contract must: (a) be in writing; (b) comply with the Bankruptcy Rules

7

and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (ET) on July 23, 2010, or such later date and time as the Debtor may agree (the "Assignment Objection Deadline") and ~~served on~~(d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) the Debtor's counsel, Young Conaway Stargatt & Taylor, LLP, ~~1000,~~1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Robert S. Brady, Esq.)~~, facsimile~~ and ~~(302) 571-1253 with a copy to~~ii) the Committee's counsel, Klestadt & Winters, LLP, 292 Madison Avenue, 17th Floor, New York, NY 10017 (Attn: Ian R. Winters, Esq.), facsimile (212) 972-2245 and Fox Rothschild LLP, Citizens Bank Center, 919 North Market Street, Suite 1300, Wilmington, DE 19899 (Attn: Jeffrey M. Schlerf, Esq.), facsimile (302) 656-~~8920, and the Stalking Horse Bidder's counsel, Todd Becker Law, 3750 E. Anaheim Street, Suite 100, Long Beach, CA 90804 (Attn: Todd B. Becker), facsimile (562) 494-8904, and Campbell & Levine, 800 North King Street Wilmington, DE 19801, Fax (302) 426-9947.~~8920.

9. If a Purchased Contract is included in a Successful Bid, all parties to such Purchased Contracts identified for assumption and assignment in the Successful Bid (or Back-up Bid) will have the opportunity to object to such assumption and assignment solely on the issue of whether such Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.
<em>8</em>

<pre>YCST01:~~9614669.3~~9614669.4                                                           069355.1001</pre>

10. ~~15.~~ Unless ~~a~~the non-~~Debtor~~debtor party to ~~any~~a Purchased Contract files an objection ~~to~~on or before the ~~Cure Amount by the Cure~~Assignment Objection Deadline, ~~then~~ such ~~counterparty shall be: (i) forever barred from objecting to the Cure Amount; and (ii)~~non-debtor party shall be deemed to have consented to the assumption and assignment of such Purchased Contract and shall be forever barred and estopped from asserting or claiming ~~any Cure Amount~~ against the Debtor, ~~any~~the Successful Bidder or Back-up Bidder at the Auction or any other assignee of the relevant ~~contract.~~ Purchased Contract that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied under such Purchased Contract.

~~16. All timely filed objections to any Cure Amount must set forth: (i) the basis for the objection; (ii) the exact amount the party asserts as the Cure Amount; and (iii) sufficient documentation to support the Cure Amount alleged.~~

~~17. Hearings on objections to any Cure Amount may be held at the Sale Hearing or upon such other date as this Court may designate upon request by Debtor with prior consent of the Successful Bidder.~~

### ADDITIONAL PROVISIONS

11. ~~18.~~ The Debtor is authorized and empowered to take such actions as may be necessary to implement and effect the terms and requirements established under this ~~Bid Procedures~~ Order.

12. ~~19.~~ A Sale Hearing to approve the sale of the Acquired Assets to any Successful Bidder and authorizing the assumption and assignment of the Purchased Contracts shall be held on ~~June____,~~ July 27, 2010 at 9:30 a.m. (ET), unless otherwise continued upon request by the Debtor.

9

13.  ~~20.~~ Objections, if any, to the Sale must be filed by ~~May 28,~~ July 23, 2010 at ~~12~~4:00 ~~NOON~~ p.m. (ET) and served on: (i) the Debtor's counsel, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Robert S. Brady, Esq.)~~, facsimile (302) 571-1253; (ii) the Stalking Horse Bidder's counsel, Todd Becker Law, 3750 E. Anaheim Street, Suite 100, Long Beach, CA 90804 (Attn: Todd B. Becker), facsimile (562) 494-8904, and Campbell & Levine, 800 North King Street Wilmington, DE 19801, Fax (302) 426-9947; (iii~~; (ii) the Committee's counsel, Klestadt & Winters, LLP, 292 Madison Avenue, 17th Floor, New York, NY 10017 (Attn: Ian R. Winters, Esq.), facsimile (212) 972-2245 and Fox Rothschild LLP, Citizens Bank Center, 919 North Market Street, Suite 1300, Wilmington, DE 19899 (Attn: Jeffrey M. Schlerf, Esq.), facsimile (302) 656-8920; and (~~iv~~iii) all other parties that have requested notice in this case.

14.  ~~21.~~ This ~~Bid Procedures Order shall be binding on and inure to the benefit of the Stalking Horse Bidder and its affiliates, successors and assigns, and the Debtor, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estate of the Debtor.~~

~~22.~~   ~~This Bid Procedures~~ Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

15.  ~~23.~~ Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this ~~Bid Procedures~~ Order shall be immediately effective and enforceable upon its entry.

16.  ~~24.~~ This Court shall retain jurisdiction with respect to any and all matters arising from or related to the implementation or interpretation of this ~~Bid Procedures Order, including,~~

10

~~but not limited to, any matter, claim or dispute arising from or relating to the Stalking Horse Protections, the Bid Procedures and the implementation of this Bid Procedures~~ Order.

Dated: Wilmington, Delaware

_____, 2010

                                                Peter J. Walsh
                                                United States Bankruptcy Judge

Document comparison by Workshare Professional on Thursday, June 17, 2010 2:00:30 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://WORKSITE01/YCST01/9614669/3 |
| Description | #9614669v3<YCST01> - Gems - Bid Procedures Order |
| Document 2 ID | interwovenSite://WORKSITE01/YCST01/9614669/4 |
| Description | #9614669v4<YCST01> - Gems - Bid Procedures Order |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 59 |
| Deletions | 83 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 144 |